W. L. GARVEY v. THE STATE.

No. 16601.   Delivered April 25, 1934.
Rehearing Denied June 20, 1934.

The opinion states the case.

*John Davenport* and *J. R. Wilson*, both of Wichita Falls, and *Joe A. P. Dickson*, of Seymour, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

Appellant with his wife and son appear to have been going along a road when they met deceased. There was a misunderstanding between the two men, and in the difficulty that ensued deceased got off his horse and started toward appellant, who shot and killed him.

There are seven bills of exception in the record. Bills 1, 2, 3 and 4 bring forward appellant's objections to testimony of certain witnesses, in effect, that they visited the scene of the difficulty on the day it took place, examined the ground, saw blood, and a piece of rope, observe no rocks, but that some hours later the witnesses were asked by a relative of appellant to go back out to the same place and examine the ground, and on this visit there, each witness observed two large rocks lying near the bloody spot on the ground. Nothing in any of these bills make them subject to the objection that the things testified about transpired out of the presence of appellant. Same is in rebuttal of testimony appellant had offered in making out his defense. We note from the statement of facts that appellant and his family testified that deceased was advancing upon him with a rock. Appellant testified "I got the gun as he came up with the rocks; I kept my eye on him as best I could. * * * I don't know whether he got them down in the bottom of the bar pit or not. * * * He had the larger rock in his right hand about like that, but I wouldn't say that he had a rock in his left hand. * * * I don't know what became of the rocks when I shot him; he fell." Further testimony relative to the rocks was given. We think the testimony set out in the bill of exceptions was proper in rebuttal.

Bill of exceptions No. 5 complains of the court's rejection of testimony by appellant when a witness, that he had never been arrested and convicted of any kind or character of violation of the law. The objection made by the State was that it would make no difference if appellant had been arrested unless

same was for a felony. It is set out that if appellant had been permitted to testify he would have said he was fifty-seven years of age and had never been arrested or convicted of any character of offense, and that this was highly material as bearing on his right to a suspended sentence. The State's attorney with this court calls attention to the fact that appellant did in fact testify as follows: "I have never been convicted of a felony, and I have never been arrested or tried before."

Bill of exceptions No. 6 complains that appellant was not permitted to prove by a character witness that he had heard that deceased had had a good many fights in and around Archer City. Bill No. 7 complains because the court admitted a statement made by appellant to a peace officer while he was in jail, the effect of which was that he had shot deceased, and if the officer would go back to Archer City he would find his car parked on the square and find his gun in the car. We think the statement would be admissible, because by reason of a part of same the officer did go to Archer City and find the pistol in the car which had been used by appellant, and which had one or two empty shells in it. However we think the testimony would be further admissible because of the fact that appellant himself testified, while on the witness stand, to the same facts narrated by the officer. We do not think any of the bills present error.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—Appellant renews his complaint brought forward in bills numbers one, two, three and four. They have been re-examined. As drawn the bills are not thought to present error. Appellant also urges that we did not discuss his claim that the evidence was not sufficient to support a conviction for a killing upon malice. The punishment was confinement in the penitentiary for five years, a penalty which might be assessed for murder either with or without malice. The verdict does not state that the jury found the killing to have been upon malice. The judgment likewise condemned appellant to be guilty of "murder" only. Under the record we are not apprised that the jury found appellant guilty of murder with malice, and the question suggested by appellant seems not to arise.

The motion for rehearing is overruled.

*Overruled.*